UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALBERT VENTURA,<br><br>   Petitioner,<br><br>  v.<br><br>WARDEN, FMC DEVENS,<br><br>   Respondent. | Civil Action No.<br>23-12065-FDS |

## ORDER OF DISMISSAL

**SAYLOR, C.J.**

  This is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by an individual in federal custody. At the time of the filing, petitioner Albert Ventura was in custody at Federal Medical Center-Devens in Ayer, Massachusetts. Ventura alleged that his continued custody at Devens violated provisions of the First Step Act ("FSA"), 18 U.S.C. §§ 3631-35. Specifically, he alleged that the Federal Bureau of Prisons ("BOP") did not apply earned-time credits. Petitioner was released from detention on March 8, 2024. He is now serving a term of supervised release. Because petitioner's release from incarceration renders the petition moot, it will be dismissed.

**I. Legal Standard**

  "The doctrine of mootness enforces the mandate 'that an actual controversy must be extant at all stages of the review, not merely at the time the complaint is filed.'" *American Civ. Liberties Union of Mass. v. U.S. Conference of Catholic Bishops*, 705 F.3d 44, 52 (1st Cir. 2013) (quoting *Mangual v. Rotger-Sabat*, 317 F.3d 45, 60 (1st Cir. 2003)). "Simply stated, a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable

interest in the outcome." *Id.* (quoting *D.H.L. Assocs. v. O'Gorman*, 199 F.3d 50, 54 (1st Cir. 1999)). "A party can have no legally cognizable interest in the outcome of a case if the court is not capable of providing any relief which will redress the alleged injury." *Gulf of Maine Fisherman's All. v. Daley*, 292 F.3d 84, 88 (1st Cir. 2002).

## II.     Analysis

Although "an individual serving a supervised release term satisfies the 'in custody' requirement," for a habeas petition under 28 U.S.C. § 2241, the petition "must still target conditions that will have a contemporaneous or prospective impact on one's sentence." *Francis v. Maloney*, 798 F.3d 33, 37 (1st Cir. 2015). Here, even if petitioner's earned-time credits were miscalculated, the BOP could only have applied them to the time period prior to his transfer to supervised release; they cannot now be applied to shorten that imposed term. *See Winegar v. Boncher*, 2023 WL 7387705, at *1 (D. Mass. Oct. 30, 2023); *Gelagotis v. Boncher*, 2023 WL 6377874, at *4 (D. Mass. Sept. 29, 2023); *Gonzalez v. Pierre-Mike*, 2023 WL 5984522, at *4-5 (D. Mass. Sept. 14, 2023) (citing cases deciding whether earned-time credits could be applied to terms of supervised release). And this court cannot retroactively apply any credits to shorten the term of supervise release. *Francis*, 798 F.3d at 38-39 (discussing *United States v. Johnson*, 529 U.S. 53, 55-59 (2000)).

Accordingly, because this court cannot grant petitioner's requested relief, his petition is moot and must be dismissed.

## III.    Conclusion

For the foregoing reasons, the petition for a writ of habeas corpus as to Albert Ventura is hereby DISMISSED as moot.

**So Ordered.**

                                                  /s/ F. Dennis Saylor IV
                                                  F. Dennis Saylor IV
Dated:  May 3, 2024                              Chief Judge, United States District Court